IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FEDERAL ELECTION COMMISSION,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　CASE NO. 1:04-cv-00079-MP-AK

REFORM PARTY OF THE
UNITED STATES OF AMERICA, et al.,

    Defendants.
_____/

## **O R D E R**

This matter is before the Court on four pending motions in this case. These motions are: (1) Plaintiff's Motion to Dismiss Defendants' counterclaims, Doc. 31; (2) Plaintiff's Motion for Summary Judgment, Doc. 61; (3) Plaintiff's Motion to Stay Discovery, Doc. 104; and (4) Defendants' motion to strike plaintiff's reply in support of Plaintiff's motion for summary judgment, Doc. 125. A hearing was held before this Court on these matters on Tuesday, November 8, 2005.

### FACTS

In November of 1997, the Reform Party of the United States of America ("Reform Party USA") registered with the Federal Election Commission ("FEC") as the national committee of the Reform Party. Doc. 61-28 at 1. Prior to its 2000 presidential nominating convention, Reform Party USA established the Reform Party 2000 Convention Committee ("Convention Committee") as a subordinate committee for the purpose of conducting the daily business involved in preparing for Reform Party USA's 2000 presidential nominating convention. Id. at 2.

In September of 1999, the Reform Party USA, along with the Convention Committee, applied to the FEC for public funding for their presidential nominating convention.  Id. at 3.  After complying with the statutory requirements for receiving such funds, see 26 U.S.C. § 9008(g); 11 C.F.R. § 9008.3(a)(3), (4), the FEC determined that the Reform Party USA, through its Convention Committee, were entitled to receive public funds for their nominating convention.  Doc. 61-28 at 5.  Ultimately, the party received $2,522,690.00 in public funds.[1]  Id. at 5-6.

Following the Reform Party USA's 2000 presidential nominating convention, which ended August 13, 2000, the FEC's Audit Division commenced an audit of the Convention Committee.  Id. at 7.  Such audit is required under the Presidential Election Campaign Fund Act.  See 26 U.S.C. § 9008(g).  The Audit Division concluded that the Convention Committee must repay $333,558.00 to the United States Treasury as a result of impermissible expenditures under 26 U.S.C. § 9008(c) and 11 C.F.R. § 9008.7(a), or expenses improperly documented as required by 11 C.F.R. § 9008.10.  Doc. 61-28 at 7; see 26 U.S.C. § 9008(h) (authorizing the FEC to seek repayment obligations from the national committee of a party).  The Convention Committee was provided a copy of the audit report on September 30, 2002.  Doc. 61-28 at 7.

On November 26, 2002, the Reform Party USA timely requested an administrative review of the repayment obligation.  Id. at 8.  The Reform Party USA did not request a hearing, instead arguing that the Convention Committee was solely responsible for the repayment.  On October 8, 2003, the FEC issued its response, in which the agency concluded that the Reform Party USA was responsible for the repayment obligation.  Id.  On October 21, 2003, the Reform

---

[1] The FEC originally certified to the Secretary of Treasury that $2,468,921.00 should be paid to the Convention Committee.  In May of 2000, an extra $53,769.00 was certified due to adjustments in the Consumer Price Index.

Party USA received notification of the FEC's decision.  Id. at 8-9.  Nevertheless, the Reform Party USA failed to make any repayment.

On November 19, 2003, the FEC received a letter from Shawn O'Hara, then Reform Party USA's chairman-elect, asking the FEC to reconsider its decision.  Id. at 10.  The FEC rejected the request as untimely on February 18, 2004.[2]  Id.  On March 29, 2004, O'Hara, acting on behalf of the Reform Party USA, filed a petition for review in the United States Court of Appeals for the District of Columbia under 26 U.S.C. § 9011(a).  Id.  This statute provides:

> Any certification, determination, or other action by the Commission made or taken pursuant to the provisions of this chapter shall be subject to review by the United States Court of Appeals for the District of Columbia upon petition filed in such Court by any interested person.  Any petition filed pursuant to this section shall be filed within thirty days after the certification, determination, or other action by the Commission for which review is sought.

The party never filed an application for a stay of the repayment obligation pending the resolution of the appeal, which they were entitled to do.  Doc. 61-28 at 10; see 11 C.F.R. § 9008.14, 9007.5(c)(1)(I).  On March 31, 2004, the D.C. Circuit issued an order to show cause for why the petition should not be dismissed.  O'Hara v. FEC, No. 04-1106 (D.C. Cir. 2004) (unpublished opinion).  On June 29, 2004, the petition was dismissed for being untimely. O'Hara, No. 04-1106, 2004 WL 1465681 (D.C. Cir. 2004) (unpublished opinion); see 26 U.S.C. § 9011(a) (stating that "[a]ny petition filed pursuant to this section shall be filed *within thirty days* after the certification, determination, or other action by the Commission for which review is sought") (emphasis added).  O'Hara filed a petition for rehearing on August 13, 2004, which the D.C.

---

[2] Such petitions for rehearing must be filed within 20 days of receipt of the agency's decision.  See 11 C.F.R. § 9008.14; 9007.5(a)(1)(i).  In this case, the petition was filed 29 days after receipt of such notice.

subsequently denied on December 13, 2004.  O'Hara, No. 04-1106 (D.C. Cir. 2004) (unpublished opinion).  Additionally, O'Hara moved for the D.C. Circuit to stay the issuance of the mandate, which the D.C. Circuit declined to do by order dated March 3, 2005.  O'Hara, No. 04-1106, 2005 WL 513516 (D.C. Cir. 2005) (unpublished opinion).  Finally, O'Hara requested an extension of time to file a petition for writ of certiorari, which was denied on March 30, 2005.  O'Hara, No. 04-1106 (D.C. Cir. 2004) (unpublished opinion).  The time for requesting Supreme Court review has now expired.

To date, the Reform Party USA has not paid any of the $333,558.00 repayment obligation.  The FEC has filed this recovery action under 26 U.S.C. § 9010, which states:

> The Commission is authorized through attorneys and counsel described in subsection (a) to appear in the district courts of the United States to seek recovery of any amounts determined to be payable to the Secretary of the Treasury as a result of examination and audit made pursuant to section 9007.

Reform Party USA has raised a host of defenses.  The defendants' main defense is that the original notice of the repayment obligation provided by the FEC to the Convention Committee was insufficient to bind the Reform Party USA to the repayment obligation.  See 26 U.S.C. § 9007(c) (stating that "[n]o notification shall be made by the Commission ... with respect to a presidential election more than 3 years after the day of such election").  Additionally, the defendants also claim that summary judgment is not appropriate because discovery is not complete.

## ANALYSIS

This action was brought by the FEC pursuant to 26 U.S.C. § 9010(b), which authorizes the FEC "to appear in the district courts of the United States to seek recovery of any amounts determined to be payable to the Secretary of the Treasury as a result of examination and audit

made pursuant to section 9007." As this suit amounts to nothing more than a recovery action, the defendants assert many defenses for which this court simply lacks the jurisdiction to entertain. Under the Presidential Election Campaign Fund Act, this Court lacks the jurisdiction to analyze the merits of the repayment determination made by the FEC. As stated in the Act, any determination made by the FEC under the Presidential Election Campaign Fund Act "shall be subject to review by *the United States Court of Appeals for the District of Columbia* upon petition filed in such Court by any interested person." 26 U.S.C. § 9011(a) (emphasis added).

In the statute, Congress clearly provides that the United States Court of Appeals for the District of Columbia is the only venue in which repayment determinations made by the FEC may be challenged. Where Congress "specifically designates a forum for judicial review of administrative action, that forum is exclusive." Drummond Coal Co. v. Watt, 735 F.2d 469, 475 (11th Cir. 1984) (citing Gardner v. Alabama, 385 F.2d 804, 810 (5th Cir.1967)); see George Kabeller, Inc. v. Busey, 999 F.2d 1417 (11th Cir. 1993); Telecomms. Research & Action Ctr. v. F.C.C., 750 F.2d 70, 72 (D.C. Cir. 1984) (holding that "where a statute commits final agency action to review by the Court of Appeals, the appellate court has exclusive jurisdiction to hear suits seeking relief that might affect its future statutory power of review."). Such a determination does not hinge on use of the word "exclusive" in the statute providing for judicial review. Watt, 735 F.2d at 475; see Whitney Nat'l Bank in Jefferson Parish v. Bank of New Orleans & Trust Co., 379 U.S. 411, 422 (1965) ("That Congress has not expressly provided that the statutory procedure is to be exclusive does not require a different conclusion").

The defendants filed a petition with the D.C. Circuit Court for review of the FEC's repayment determination on March 29, 2004. On June 29, 2004, the D.C. Circuit dismissed the

petition as untimely under 26 U.S.C. § 9011(a). The D.C. Circuit went on to deny a petition for rehearing on the matter on December 14, 2004. Since the time for seeking Supreme Court review has now expired, the D.C. Circuit Court's opinion is final. The defendants may not now receive a second bite at the proverbial apple by raising claims or defenses which they failed to properly bring previously before the D.C. Circuit. The present action is simply an attempt by the plaintiff to recover such judgment against the defendants. Since there is a final judgment against the defendants in this matter, and because defendants have failed to raise any triable issues of material fact with respect to such issue, the Court finds no reason to deny Plaintiff's motion for summary judgment.

Plaintiff also requests that defendants be required to pay interest on the money due. The regulations are clear on this issue. As stated in 11 C.F.R. § 9007.2(d)(3):

> Interest shall be assessed on all repayments made after the initial 90-day repayment period established at paragraph (d)(1) of this section or the 30-day repayment period established at paragraph (d)(2) of this section.

See also id. § 9008.12(c).

Additionally, the repayment determination is only suspended if a *timely* petition for rehearing is filed. See id. § 9008.14, 9007.5(a)(2). Defendants' petition for rehearing was denied as untimely. Finally, defendants never requested a stay of the repayment determination while review was pending in the D.C. Circuit, as they were entitled to do. See id. § 9008.14, 9007.5(c). Therefore, interest should be assessed from the end of the 30-day period following notification of the FEC's determination on administrative review. As notification of this determination was received by defendants on October 21, 2003, interest should be assessed on all payments received after November 20, 2003.

Finally, plaintiff has requested that this Court enjoin the Reform Party USA from diverting any of its assets to any other expenditures other than payment of federal taxes until it completes its repayment obligation.  The regulations state that "[o]nce the [party] receives notice of the Commission's repayment determination..., the [party] should give preference to the repayment over all other outstanding obligations..., except for any federal taxes owed by the committee."  Id. § 9007.2(a)(3).  To this point, the defendants have failed to meet this obligation.  Therefore, this Court finds it appropriate to grant plaintiff's request on this matter.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Summary Judgment, Doc. 61, is granted.  The defendants are ordered to repay the $333,558 sum owed to the United States Treasury, with interest calculated in accordance with 11 C.F.R. § 9007.2(d)(3).

2. The Reform Party USA is enjoined from diverting any of its assets to any other expenditures other than payment of federal taxes until it completes its repayment obligation.

3. Plaintiff's Motion to Stay Discovery, Doc. 104, is denied as moot.

4. Defendant's motion to strike plaintiff's reply memorandum in support of Plaintiff's motion for summary judgment, Doc. 125, is denied.

5. The clerk is ordered to enter judgment for the Plaintiff and to close this case.

**DONE AND ORDERED** this   *22nd* day of November, 2005

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge